NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DISTRICT
PIKEVILLE

CIVIL ACTION NO. 07-CV-226-GFVT

RONALD MITCHELL                                          PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS, Warden                                      RESPONDENT

**** **** **** ****

Ronald Mitchell, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), which has incarcerated him in the United States Penitentiary–Big Sandy, in Inez, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a Motion to Proceed *in forma pauperis*.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

FACTS

Petitioner's factual allegations are few.  He alleges only that in April of 1984, in *United States v. Ronald Mitchell*, United District Court for the Southern District of Illinois Case No. CR-84-30005, a jury convicted him and he was sentenced to 20 years in federal prison.  He states that on his appeal the Seventh Circuit affirmed and that a later Section 2255 Motion was denied for lack of subject matter jurisdiction.  Finally, Mitchell alleges that in 2007, the U.S. Parole Commission committed error in denying him release.

CLAIMS

Petitioner asserts that the trial court's refusal to reach the merits of his 28 U.S.C. § 2255 Motion renders relief under that statute inadequate and denies him due process of law; the Parole Commission has held him three years past expiration of his sentence, which amounts to cruel and unusual punishment; and he was never indicted by a grand jury.

Insisting that this is not a challenge to his conviction or sentence, Petitioner seeks immediate release from prison on bail, expedited review of this case, and unspecified medical treatment.

DISCUSSION

An unpublished case supplies additional facts about Petitioner and his challenges to the 1984 conviction and sentence.  In an opinion terminating *Mitchell v. United States*, 2006 WL 539513 (S.D. Ill. March 6, 2006) (not reported), the district court in which Petitioner was convicted  chronicles his litigation over the 1984 conviction and sentence to that date.  The Court found that the Section 2255 Motion before it in 2006 was Mitchell's sixth such Motion; additionally, Mitchell had twice filed a request in the Seventh Circuit to file a successive Section 2255 Motion, but the requests were denied.  Explaining that "[a] second or successive collateral

attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals," the trial court denied the Section 2255 Motion for lack of subject matter jurisdiction.

With regard to the applicable law, the Court finds that Petitioner's claims herein cannot proceed further, for several reasons. First, the Petitioner's assertions to the contrary, to the extent that he challenges the original indictment in the trial court, he is actually challenging his 1984 conviction and sentence. Therefore, what he has filed herein is a second or successive Section 2255 Motion, one which he has filed in the wrong court and without permission from the appellate court.

Under the terms of Section 2255 itself, Mitchell is barred from using this Court's Section 2241 jurisdiction to challenge the criminal judgment of another district court, unless he can prove that his remedy by a Section 2255 motion to that other court is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. § 2255, ¶ 5 ("the savings clause"); *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Use of the "savings clause" of Section 2255, therefore, is conditioned upon a demonstration of the inadequacy and ineffectiveness of the prisoner's remedy via a Section 2255 motion to the trial court, and it is a high threshold to cross under *Charles* and *Martin*. The instant Petitioner uses this "inadequate" language of the savings clause. However, he offers no reason for why or how his remedy via six earlier Section 2255 motions must be deemed inadequate; nor how there has been a change in the law since the earlier collateral proceedings.

Moreover, with regard to Mitchell's claims which do properly come under 28 U.S.C. § 2241, *i.e.*, his purportedly being denied parole and being held past his expiration date, he has failed to demonstrate that he first brought his complaints before the relevant agencies and

exhausted that administrative process. Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

Petitioner Mitchell neither alleges or provides any documentation which suggests that he brought his parole claim(s) in an appeal to any Parole Commission decision. Nor is there any reference or document going to the BOP's calculation of his sentence, including a release date. One of the reasons for the rule that exhaustion of administrative remedies should be implemented is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The current Petitioner having failed to show that his remedy by Section 2255 motion was inadequate and having failed to show the exhaustion of his Section 2241 claims, Mitchell may not proceed with his claims herein pursuant to this Court's jurisdiction under 28 U.S.C. § 2241.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)     Ronald Mitchell's Motion to Proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

(2)     Petitioner Mitchell's Motion to Expedite Review of this case [Record No. 6] is **DENIED,** as moot.

(3)     This action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 12th day of December, 2007.

Signed By:

**_Gregory F. Van Tatenhove_**

**United States District Judge**